United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GRACE M. HONESTO,

        Plaintiff,

   v.

STATE OF CALIFORNIA and ARNOLD
A. SCHWARTZENEGGER,

        Defendants.

_____/

No. C  09-03350 RS

**ORDER GRANTING MOTION TO
DISMISS, WITHOUT LEAVE TO
AMEND**

## I.  INTRODUCTION

Plaintiff Grace Honesto, appearing *in pro se*, is the mother of Peter Honesto, who is presently incarcerated by the State of California.  Plaintiff initiated this action by filing a "statement of facts" which the Court has previously deemed to be the operative complaint, and which includes many pages of "exhibits."   Some of the allegations plaintiff makes in the "statement of facts" are less than clear, but her basic allegations appear to be that: (1) her son's constitutional rights have been violated by his continued incarceration, and (2) her son has been physically assaulted in prison and permanently injured as a result of his own attempts to vindicate his rights.

On a motion to dismiss, the Court presumes plaintiff's alleged facts to be true.  Moreover, where a plaintiff appears *pro se*, the Court reads the complaint liberally, and will indulge in every possible inference in plaintiff's favor.  Under these standards, the Court nevertheless must find that

1

plantiff has failed to state a claim, and that this action must be dismissed. The claims plaintiff is making belong to her son, not to her, and she may not raise them on his behalf, absent circumstances not present here. The motion was heard by the Court on February 3, 2010. Plaintiff made no appearance.

## II. BACKGROUND

Plaintiff alleges that beginning in 1997, her son Peter began filing petitions in the California state courts alleging that state and prison officials were violating his rights by keeping him incarcerated. Peter was then physically assaulted in prison, resulting in a permanent disability. Although plaintiff does not state how the assault occurred or who committed it, she implies that it happened, or was allowed to happen, at least in part in retaliation for the petitions Peter had filed.

Plaintiff recounts in some detail the history of Peter's state court habeas proceedings and discloses that he has also filed one or more habeas petitions in this Court. Plaintiff alleges that various state court judges handled the habeas proceedings and/or the underlying conviction improperly. Plaintiff asserts that Peter was effectively denied his right to counsel.

Plaintiff seeks injunctive relief to protect Peter from retaliation. She also seeks declaratory relief that Peter, and other inmates similarly situated, have been unlawfully sentenced based on facts not proven to a jury. Plaintiff further asks the Court to declare unconstitutional certain provisions of the California Penal Code and the California Code of Regulations. Finally, plaintiff seeks $100 million in compensatory damages.

As noted in a prior order, liberally read the complaint appears intended to name as defendants a large number of individuals, including judges and prosecutors who almost certainly would be immune from suit. The Court previously advised plaintiff, however, that the only defendants of record are the State of California and its governor, Arnold Schwarzenegger, and that she needed to amend her complaint if she wished to proceed against any other defendants.

The present motion to dismiss is brought by the California Attorney General's office on behalf of Governor Schwarzenneger, and two other state officials who were served with the

2

complaint, Attorney General Jerry Brown, and state Treasurer Bill Lockyer.[1] Because the Court has previously ruled that they are not defendants, Brown and Lockyer technically have no standing to appear in this action and their inclusion in the motion is superfluous.

Finally, the complaint includes some references to the "Honesto estate" as if it is intended to be an additional plaintiff. As there is no indication any such estate legally exists or what plaintiff believes it to be, those references do not alter the analysis that the complaint fails to state a claim.

## III. DISCUSSION

Absent circumstances not present here, a "plaintiff generally must assert [her] own legal rights and interests, and cannot rest [her] claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Here, it is only plaintiff's son (and similarly situated inmates), who have allegedly been injured. A private citizen "lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

Moreover, it is clear that Peter is capable of, and in fact has been, pursuing his own claims. Presently pending in this court is <u>Honesto v. Adams</u>, C 06-0308 JF in which Peter has made all of the same basic allegations plaintiff has set out here. Indeed, even in *this* action, plaintiff has requested that her son be permitted to "attend the settlement conference and all proceedings to resolve the dispute, as Peter Honesto is well versed in the law, facts, and claims of the pending civil action . . . ."

Plaintiff's opposition to this motion contains argument directed at attempting to show why her son's claims are viable, but nothing which would show why she has standing to bring those claims. The motion to dismiss expressly referred to the *jus tertii* exception to prudential standing requirements, but plaintiff's opposition made no effort to argue that the circumstances of this case fall within that exception or that there is any other basis on which she may act as a representative for

---

[1] The state of California itself has not entered an appearance because the Attorney General's office asserts it has not been properly served.

her son.  In short, this is not plaintiff's lawsuit to pursue.  Accordingly, the motion to dismiss must be granted.

In light of the facts that (1) plaintiff has offered no response addressing her lack of standing nor suggested any basis on which she could amend, (2) plaintiff did not appear when the motion was heard, and (3) the fact that Peter is presently pursuing the same claims on his own behalf, it is manifestly apparent that any amendment would be futile.  Accordingly, no leave to amend will be granted.

## IV.  CONCLUSION

The motion to dismiss is granted.  The Clerk shall close the file.

IT IS SO ORDERED.

Dated: 02/04/2010

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

4

No. C 09-03350 RS
ORDER

**United States District Court**
For the Northern District of California

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

Grace M Honesto
11010 Orleans River Court
Rancho Cordova, CA 95670

DATED:   02/04/2010

/s/ Chambers Staff                                   .
Chambers of Magistrate Judge Richard Seeborg

5